UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

NAOMI SENGER, an individual,

     Plaintiff,

vs.

HV GLOBAL MARKETING CORPORATION,
a Florida Corporation, a/k/a
HYATT VACATION OWNERSHIP,

     Defendant.

_____/

## COMPLAINT

1.     Plaintiff, NAOMI SENGER (hereinafter referred to as "Plaintiff" and "SENGER"), was an employee of Defendant, HV GLOBAL MARKETING CORPORATION, a Florida Corporation a/k/a HYATT VACATION OWNERSHIP (hereinafter "Defendant" or "HV GLOBAL"), and brings this action against Defendant for alleged sex/gender discrimination, disability discrimination, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.,* the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.,* as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553 (the "ADAAA"), and the Florida Civil Rights Act (FCRA), Florida Statutes §760.01 *et seq.*

2.     At all times material to this action, SENGER has been an individual residing in Key West in Monroe County, Florida, within the jurisdiction of this Court.

3.     HV GLOBAL MARKETING CORPORATION, a Florida Corporation, also known as HYATT VACATION OWNERSHIP, has at all times material to this Complaint had a corporate office in Miami, Florida and has been engaged in a hotel and resort marketing business

with operations throughout the United States including in Key West in Monroe County, Florida, within the jurisdiction of this Court.

4.      Jurisdiction is conferred on this Court by 28 U.S.C. §1332, §1337 and §1367 as well as 42 U.S.C. §2000 and 29 U.S.C. §12101.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in Monroe County, within the jurisdiction of the Key West Division of the United States District Court for the Southern District of Florida.

6.      At all times material to this action, SENGER was an employee of HV GLOBAL within the meaning of Title VII, 42 U.S.C. §2000e(f), the ADAAA, 42 U.S.C. §12111(4), and the FCRA, F.S. §760.10(1)(a).

7.      At all times material to this action, HV GLOBAL was SENGER's employer within the meaning of Title VII, 42 U.S.C. §2000e(b), the ADAAA, 42 U.S.C. §12111(5), and the FCRA, F.S. §760.02(7), because Defendant was a business engaged in interstate commerce and had Fifteen (15) or more employees in each of Twenty (20) or more calendar weeks in the current or preceding year.

8.      In January 2017, HV GLOBAL hired SENGER as a Sales Executive, a/k/a "Sales Account Executive," at Defendant's Hyatt Windward Pointe-Key West Sales Office in Key West, Florida.

9.      As part of HV GLOBAL's hiring of Plaintiff, HV GLOBAL relocated SENGER from Orlando, Florida to Key West, Florida.

10.      Likewise, at the time HV GLOBAL hired Plaintiff, SENGER's real estate license was active and Plaintiff had the ability to use her real estate licensing in the capacity of a Broker or Sales Agent, which HV GLOBAL reviewed and accepted prior to hiring SENGER.

11.     Further, at the outset of SENGER's employment with Defendant in January 2017, Plaintiff informed HV GLOBAL's Director of Sales and Marketing, Scott Jacobson, that Plaintiff needed to take approximately two (2) weeks off from work in March 2017 for a medical procedure, which Jacobson communicated to Plaintiff in January 2017 would not be problem and confirmed at that time to Plaintiff that she would be permitted to take time off for the procedure.

12.     In mid-March 2017, SENGER notified HV GLOBAL that Plaintiff was undergoing medical treatment for Invitro fertilization (IVF) and in following her doctor's medical advice to reduce stress while undergoing medical treatment, Plaintiff requested a transfer from HV GLOBAL's Sales Department to the Marketing Department to the position of Marketing Agent.

13.     At all times material to this action, SENGER was an individual with a chronic medical condition, namely, infertility.

14.     At all times material to this action, SENGER suffered from a "physical impairment" within the meaning of the ADAA, see 29 C.F.R. §1630.2(h)(1), as a result of SENGER's infertility which was ongoing between approximately January 2017 and March 2017, including but not limited to SENGER's inability to conceive or bear offspring, which is a physiological disorder or condition affecting one or more of SENGER's major bodily functions and body systems, specifically the reproductive system and functions, protected by the ADAA.

15.     On or around March 15, 2017, SENGER interviewed for the position of Marketing Agent in HV GLOBAL's Marketing Department, but Lisa Waters, Defendant's Human Resource Manager, communicated to Plaintiff that transfers within Ninety (90) days of an employee's date of hire were purportedly "prohibited" by HV GLOBAL's company policy, as a result of which Defendant denied SENGER's transfer request.

16.     Additionally on or around March 15, 2017, SENGER provided HV GLOBAL with written notice from Plaintiff's doctor, Eric Surrey, M.D. from the Colorado Center for Reproductive Medicine, specifying the dates Plaintiff needed time off from work between approximately March 22, 2017 and April 11, 2017 for her medical procedure.  See Exhibit A: 3-15-17 Colorado Center for Reproductive Medicine Doctor's Note from Eric Surrey, M.D.

17.     On or around March 16, 2017, HV GLOBAL's Director of Sales and Marketing, Scott Jacobson, communicated to SENGER that "we see you have a medical condition," as part of which Jacobson advised SENGER that Plaintiff had to either: (a) resign from her employment with HV GLOBAL; or (b) "re-apply when your medical condition is resolved" because Defendant would not accommodate SENGER's condition in March 2017.

18.     When SENGER refused to resign from her employment with Defendant, HV GLOBAL terminated SENGER's employment on March 16, 2017 for being what Waters and Jacobson called "a medical liability."

19.     At all times material to this action, SENGER satisfactorily performed her essential job duties as a Sales Account Executive for HV GLOBAL.

20.     The reason proffered by HV GLOBAL in March 2017 for terminating SENGER's employment was false and known to be false by Defendant at the time of Plaintiff's termination and instead was discriminatory on the basis of Plaintiff's sex/gender (female), and/or disability, and/or was in retaliation SENGER for having objected to HV GLOBAL's illegal attempts to force Plaintiff to resign while Defendant also denied Plaintiff's transfer and time off requests.

21.     All conditions precedent to the institution of the claims in this Complaint have either occurred or been waived.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22.     On July 19, 2017, SENGER dual filed a Charge of Discrimination against HV GLOBAL with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging sex/gender discrimination, disability discrimination, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*., the Americans with Disabilities Act (ADA) as amended by the ADAA, and the Florida Civil Rights Act (FCRA).   A copy of SENGER's EEOC Charge, Charge No. 511-2017-02442, is attached hereto as Exhibit B.

23.     On or around June 25, 2018, the EEOC issued a Notice of Right to Sue to SENGER, see Exhibit C, which Notice was received by SENGER on or around July 7, 2018.

24.     This Complaint is being filed with the Court within Ninety (90) days of SENGER's receipt of the Notice of Right to Sue in connection with Charge No. 511-2017-02442 and Plaintiff has exhausted all administrative remedies on the Federal and State law claims pled in this Complaint.

25.     As of July 10, 2018, more than One Hundred and Eighty (180) days have passed since the filing of SENGER's Charge of Discrimination and the FCHR did not issue any determination concerning SENGER's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," SENGER has exhausted all administrative remedies under Florida as well as Federal law.

26.     All conditions precedent to the institution of this action under Federal law and State law have either occurred or been waived.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## 42 U.S.C. §2000e ET SEQ. - UNLAWFUL SEX/GENDER DISCRIMINATION

Plaintiff, NAOMI SENGER, reasserts and reaffirms the allegations of Paragraphs 1 through 26 as if fully set forth herein and further states that this is an action against HV GLOBAL MARKETING CORPORATION for sex/gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

27.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex ..." 42 U.S.C. §2000e-2(a)(1).

28.      At all times relevant to this action, HV GLOBAL had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. §2000e(b).

29.     Between approximately January 2017 and March 2017, SENGER was subjected to disparate treatment and discrimination by HV GLOBAL because of her sex/gender, female, by, *inter alia*, HV GLOBAL: (a) denying SENGER a transfer from the position of Sales Account Executive to Marketing Agent; (b) denying SENGER time off from work to undergo a medical procedure and obtain medical treatment for IVF; (c) forcing SENGER to choose between either resigning from Plaintiff's employment with HV GLOBAL or re-applying at some unknown time in the future if/when Plaintiff's medical condition was somehow "resolved"; and (d) terminating

SENGER's employment on or around March 16, 2017 because of her sex/gender, female, all in violation of 42 U.S.C. §2000e-2(a)(1)-(2).

30.     HV GLOBAL's disparate treatment of and discrimination against SENGER was so severe and pervasive that it altered, the terms, conditions, and privileges of SENGER's employment with Defendant culminating with the termination of Plaintiff's employment in March 2017.

31.     A motivating factor behind HV GLOBAL's termination of SENGER's employment in March 2017 was Plaintiff's sex/gender, female, in violation of 42 U.S.C. §2000e-2(a)(1)-(2).

32.     The reason proffered by HV GLOBAL in March 2017 for terminating SENGER's employment was false and known to be false by Defendant at the time of Plaintiff's termination and instead was a pretext for discrimination against SENGER on the basis of Plaintiff's sex/gender, female, in violation of 42 U.S.C. §2000e-2(a)(1)-(2).

33.     HV GLOBAL's violations of Title VII were intentional and were done with malice and reckless disregard for SENGER's rights as guaranteed under the laws of the United States.

34.     SENGER has suffered and continues to suffer lost earnings and employment benefits, emotional distress, loss of self-esteem and other injuries as a direct result of HV GLOBAL's violations of 42 U.S.C. §2000e-2(a)(1)-(2).

35.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), SENGER is entitled to recover all reasonable attorneys' fees and costs from HV GLOBAL as a result of Defendant's violations of Title VII.

WHEREFORE, Plaintiff, NAOMI SENGER, demands judgment against Defendant, HV GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT II
## GENDER/SEX DISCRIMINATION IN VIOLATION OF
## THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, NAOMI SENGER, reasserts and reaffirms the allegations set forth in paragraphs 1 through 26 above and further states that this is an action against HV GLOBAL MARKETING CORPORATION for gender/sex discrimination in violation of Florida Statutes §760.10(1).

36. The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ." F.S. §760.10(1)(a).

37. At all times material to this action, HV GLOBAL was an employer within the meaning of F.S. §760.02(7).

38. At all times material to this action, SENGER was an employee of HV GLOBAL within the meaning of F.S. §760.10(1)(a).

39. At all times material to this action, SENGER has been an aggrieved person within the meaning of F.S. §760.02(10).

40.     Between approximately January 2017 and March 2017, SENGER was subjected to disparate treatment and discrimination by HV GLOBAL because of her sex/gender, female, by, *inter alia*, HV GLOBAL: (a) denying SENGER a transfer from the position of Sales Account Executive to Marketing Agent position; (b) denying SENGER time off from work to undergo a medical procedure and obtain medical treatment for IVF; (c) forcing SENGER to choose between either resigning from Plaintiff's employment with HV GLOBAL or re-applying at some unknown time in the future if/when Plaintiff's medical condition was somehow "resolved"; and (d) terminating SENGER's employment on or around March 16, 2017 because of her sex/gender, female, in violation of F.S. §760.10(1)(a) & (b).

41.     HV GLOBAL's discrimination against, and disparate treatment of, SENGER because of Plaintiff's gender/sex, female, was sufficiently severe and pervasive as to alter the terms, conditions and privileges of SENGER's employment with HV GLOBAL.

42.     HV GLOBAL's management knew or should have known of the unlawful gender/sex discrimination against SENGER but Defendant failed to take immediate and appropriate corrective action to address the unlawful conduct.

43.     On or around March 16, 2017, HV GLOBAL terminated SENGER's employment, a motivating factor behind which termination was Plaintiff's gender/sex, female, in violation of F.S. §760.10(1)(a) & (b).

44.     The reason proffered by HV GLOBAL in March 2017 for terminating SENGER's employment was false and known to be false by Defendant at the time of Plaintiff's termination and instead was a pretext for discrimination against SENGER on the basis of Plaintiff's sex/gender, female, in violation of F.S. §760.10(1)(a) & (b).

45.     HV GLOBAL's violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for SENGER's rights as guaranteed under the laws of the State of Florida, such that SENGER is entitled to punitive damages against HV GLOBAL pursuant to F.S. §760.11(5).

46.     SENGER has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of HV GLOBAL's violations of F.S. §760.10(1).

47.     Pursuant to F.S. §760.11(5), SENGER is entitled to recover all reasonable attorneys' fees and costs from HV GLOBAL as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, NAOMI SENGER, demands judgment against Defendant, HV GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

Plaintiff, NAOMI SENGER, reasserts and reaffirms the allegations of Paragraphs 1 through 26 as if fully set forth herein and further states that this is an action against HV GLOBAL MARKETING CORPORATION for disparate treatment and discrimination in

violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553. ("ADAAA").

48.    The Americans with Disabilities, the ADA and ADAAA, 42 U.S.C. §12112(a), prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

49.    At all times material to this action, SENGER suffered from infertility which is a chronic and permanent condition that manifested physical systems and/or problems during SENGER's employment with HV GLOBAL between approximately January 2017 and March 2017, including but not necessarily limited to SENGER's inability to conceive or bear offspring, arising from problems with SENGER's reproductive system and functions—as a result of which SENGER sought medical treatment including but not limited to a medical procedure in March 2017 and time off between approximately March 22, 2017 and April 11, 2017 as part of IVF. See Exhibit A: 3-15-17 Colorado Center for Reproductive Medicine Doctor's Note from Eric Surrey, M.D.

50.    At all times material to this action, SENGER has suffered from a "physical impairment" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(h)(1), as a result of SENGER's infertility and related medical condition, which entail physiological disorders or conditions affecting one or more of SENGER's body systems, including SENGER's reproductive system, and one or more of SENGER's major bodily functions, including but not necessarily limited to the functions of Plaintiff's reproductive system and inability to conceive or bear offspring.

51.     At all times material to this action, SENGER was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i), including but not necessarily limited to (a) Plaintiff's inability to reproduce or bear offspring; and (b) the operation of SENGER's reproductive functions.

52.     At all times material to this action, SENGER was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered mental and/or physical impairments that substantially limited one or more major life activities; (b) had a record of such impairment(s); and/or (c) was regarded by HV GLOBAL as a person with such impairment(s).

53.     At all times material to this action, SENGER had to endure substantial limitations as a result of her infertility and related medical conditions within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because SENGER's conditions substantially limited Plaintiff's ability to perform one or more major life activities—including but not necessarily limited to the conceive or bear offspring—as compared to most people in the general population.

54.     At all times material to this action, SENGER has been "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(A), because SENGER's chronic infertility and medically related conditions are actual physical impairments that substantially limit one or more of SENGER's major life activities.

55.     In addition, at all times material to this action, SENGER has also been "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(C), because SENGER was regarded by HV GLOBAL as having a physical impairment that substantially limited one or more of Plaintiff's major life activities as a result of SENGER's infertility and medical condition.

56.     At all times material to this action, SENGER was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job for HV GLOBAL between approximately January 2017 and March 2017 with or without reasonable accommodation by Defendant.

57.     At all times material to this action, SENGER was a "qualified individual with a disability" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(m) and 42 U.S.C. §12111(8), because SENGER possessed the requisite skill and experience to carry out her duties for HV GLOBAL in 2017, and SENGER likewise was capable of performing the essential functions of her job despite SENGER's disability, with or without reasonable accommodation(s) by HV GLOBAL.

58.     Further, SENGER was also qualified for her job with HV GLOBAL between approximately January 2017 and March 2017 within the meaning of the ADA and ADAAA, 42 U.S.C. §12111(8) & (9), even in the face of the impact of SENGER's infertility and medical condition because HV GLOBAL could have and should have provided SENGER with reasonable accommodation(s).

59.     However, HV GLOBAL unlawfully denied SENGER reasonable accommodations in violation of 42 U.S.C. §12112(a) and (b), including (1) denying SENGER a transfer from the position of Sales Account Executive to Marketing Agent; and (2) denying SENGER time off from work between approximately March 22, 2017 and April 11, 2017 to undergo a medical procedure and obtain medical treatment in connection with Plaintiff's IVF.

60.     Similarly, HV GLOBAL also violated 42 U.S.C. §12112(a) and (b) by, *inter alia*: (1) forcing SENGER to choose between either resigning from Plaintiff's employment with HV GLOBAL in March 2017 or re-applying at some unknown time in the future if/when Plaintiff's

medical condition was somehow "resolved"; and (2) terminating SENGER's employment on or around March 16, 2017 because SENGER was purportedly a "medical liability" despite SENGER communicating to Defendant's management that Plaintiff was capable of performing her essential job duties and wanting to continue to continue her employment with HV GLOBAL.

61.    HV GLOBAL knowingly and willfully engaged in conduct prohibited by the ADA and ADAAA against SENGER because of Plaintiff's disability so as to discourage, dissuade and/or otherwise dishearten SENGER.

62.    SENGER's actual and/or perceived disability was a motivating factor in HV GLOBAL's decision to terminate SENGER's employment in March 2017, in violation of 42 U.S.C. §12112.

63.    The reason proffered by HV GLOBAL in March 2017 for terminating SENGER's employment was false and known to be false by Defendant at the time of Plaintiff's termination and instead was a pretext for discrimination against SENGER because of an actual and/or perceived disability in violation of 42 U.S.C. §12112.

64.    HV GLOBAL's violations of the ADA and ADAAA were intentional and were done with malice or reckless indifference to SENGER's rights guaranteed under the laws of the United States.

65.    SENGER has suffered and continues to suffer loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of HV GLOBAL's violations of the ADA and ADAAA.

66.    SENGER has retained the undersigned counsel to represent her in this action and pursuant to 42 U.S.C. §12205, SENGER is entitled to recover all reasonable attorneys' fees and costs from HV GLOBAL as a result of Defendant's violations of the ADA.

WHEREFORE, Plaintiff, NAOMI SENGER, demands judgment against Defendant, HV GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

### COUNT IV
### VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT,
### F.S. §760.10  - DISCRIMINATION BASED ON HANDICAP

Plaintiff, NAOMI SENGER, reasserts and reaffirms the allegations set forth in paragraphs 1 through 26 above and further states that this is an action against HV GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for handicap discrimination in violation of the Florida Civil Rights Act, F.S. §760.10 *et seq.*

67.     Florida Statutes §760.10(1)(a) provides that: "It is unlawful employment practice for an employer:  To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, **handicap**, or marital status." Id. (emphasis added).

68.     At all times material to this action, SENGER suffered from a chronic, permanent medical condition of the reproductive system commonly known as infertility, which condition constitutes an actual or perceived "handicap" within the meaning of the FCRA, as SENGER's condition in chronic, permanent, and manifested physical problems including during SENGER's employment with HV GLOBAL, including but not necessarily limited to SENGER's inability to

conceive or bear offspring—as a result of which SENGER was scheduled to undergo a medical procedure and medical care including but not limited to Invitro Fertilization.

69.     At all times material to this action, SENGER has been an aggrieved person within the meaning of F.S. §760.02(10).

70.     At all times material to this action, SENGER was a qualified individual with a handicap within the meaning of the FCRA because SENGER possessed the requisite skill and experience to carry out her duties as a Sales Account Executive for HV GLOBAL and SENGER likewise was capable of performing the essential functions of her job despite Plaintiff's handicap, with or without reasonable accommodation(s) by HV GLOBAL.

71.     Further, Plaintiff was also qualified for her job as a Sales Account Executive for HV GLOBAL within the meaning of the FCRA even in the face of the impact of SENGER's handicap because HV GLOBAL could and should have provided SENGER with reasonable accommodation(s) in allowing Plaintiff transfer to the Marketing Agent position and/or allow Plaintiff take approximately two (2) weeks' time off SENGER as Plaintiff requested to undergo a medical procedure and obtain medical treatment, with Defendant having—at times—provided time off as a benefit of employment to other similarly situated employees of HV GLOBAL without handicaps.

72.     However, despite SENGER's requests in March 2017 to HV GLOBAL to provide Plaintiff with reasonable accommodations within the meaning of the FCRA, including but not necessarily limited to a transfer from the sales to the marketing position and approximately Two (2) weeks off to undergo a medical procedure and care that would have enabled SENGER to continue performing the essential functions of her job as a Sales Account Executive or Marketing

Agent, HV GLOBAL unreasonably refused to provide SENGER with reasonable accommodations in violation of F.S. §760.10(1)(a)

73.   Between approximately January 2017 and March 2017, HV GLOBAL subjected SENGER to disparate treatment and discrimination which was motivated by and was because of SENGER's handicap, in violation of F.S. §760.10(1)(a).

74.   HV GLOBAL knowingly and willfully engaged in conduct prohibited by the Florida Civil Rights Act against SENGER because of Plaintiff's handicap so as to discourage, dissuade and/or otherwise dishearten SENGER.

75.   SENGER's handicap was a motivating factor in HV GLOBAL's decision to terminate Plaintiff's employment in March 2017, in violation of F.S. §760.10(1)(a).

76.   The reason proffered by HV GLOBAL in March 2017 for terminating SENGER's employment was false and known to be false by Defendant at the time of Plaintiff's termination and instead was a pretext for discrimination against SENGER because of her handicap in violation of F.S. §760.10(1)(a).

77.   HV GLOBAL's violations of F.S. §760.10 were intentional and were done with malice and reckless disregard for SENGER's rights as guaranteed under the laws of the State of Florida, such that SENGER is entitled to punitive damages against SENGER pursuant to F.S. §760.11(5).

78.   Pursuant to F.S. §760.11(5), SENGER is entitled to recover all reasonable attorneys' fees and costs from HV GLOBAL as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, NAOMI SENGER, demands judgment against Defendant, HV GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for

back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

### COUNT V
### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-3

Plaintiff, NAOMI SENGER, reasserts and reaffirms the allegations of Paragraphs 1 through 26 as if fully set forth herein and further states that this is an action against HV GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

79.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

80.     SENGER engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a), including in March 2017 when (a) Plaintiff requested accommodations from HV GLOBAL including specifically (1) requesting a transfer from the Sales Department to the Marketing Agent position; and (2) requesting approximately Two (2) weeks off work to undergo a medical procedure and treatment; and (b) Plaintiff objected to HV GLOBAL's illegal attempts to force SENGER to choose between either resigning from her employment with HV GLOBAL or re-applying at some unknown time in the future if/when Plaintiff's medical condition was

somehow "resolved" despite Plaintiff having communicated to Defendant's management that she was capable of performing her essential job duties and wanting to continue to continue her employment with HV GLOBAL.

81.     SENGER reasonably and in good faith believed that HV GLOBAL's denials of Plaintiff's transfer request and her request to take time off in March 2017 were unlawful employment practices in violation of Title VII.

82.     Similarly, SENGER reasonably and in good faith believed that HV GLOBAL's attempts to force Plaintiff to choose between resigning her employment in March 2017 and reapplying at some unknown time in the future were unlawful employment practices in violation of Title VII.

83.     HV GLOBAL subjected SENGER to adverse employment action and retaliation because of Plaintiff's protected activity, including but not limited to, by Defendant terminating SENGER's employment on or around March 16, 2017 because Plaintiff objected to HV GLOBAL's illegal employment practices in violation of 42 U.S.C. §2000e-3(a).

84.     HV GLOBAL's termination of SENGER's employment on March 16, 2017—on or around the same day SENGER objected to resigning to her employment at Scott Jacobson's insistence—was unlawful retaliation in violation of 42 U.S.C. §2000e-3(a) because of Plaintiff's good faith objections to HV GLOBAL's unlawful attempts to prevent SENGER from continuing her employment with HV GLOBAL.

85.     The fact that SENGER engaged in activity protected by Title VII was a motivating factor in HV GLOBAL's termination of Plaintiff's employment in March 2017, in violation of 42 U.S.C. §2000e-3(a).

86.     The reason proffered by HV GLOBAL in March 2017 for terminating SENGER's employment was false and known to be false by Defendant at the time of Plaintiff's termination and instead was a pretext for unlawful retaliation against SENGER because of her opposition to Defendant's illegal employment practices, in violation of 42 U.S.C. §2000e-3(a).

87.     HV GLOBAL's unlawful retaliation against SENGER was intentional and done with malice and reckless disregard for SENGER's rights as guaranteed under Title VII.

88.     As a direct and proximate result of HV GLOBAL's unlawful retaliation against SENGER, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of HV GLOBAL's violations of 42 U.S.C. §2000e-3(a).

89.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), SENGER is entitled to recover all reasonable attorneys' fees and costs from HV GLOBAL as a result of Defendant's unlawful retaliation in violation of Title VII.

WHEREFORE, Plaintiff, NAOMI SENGER, demands judgment against Defendant, HV GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT VI
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff, NAOMI SENGER, reasserts and reaffirms the allegations of Paragraphs 1 through 26 as if fully set forth herein and further states that this is an action against HV

GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for Retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §12203, as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553.

90.     The Americans with Disabilities, ADA and ADAAA, 42 U.S.C. §12203(a), provides that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this chapter."

91.     Similarly, the ADA and ADAAA also provide, 42 U.S.C. §12203(b), that it shall "be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or an account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

92.     At all times material to this action, SENGER was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered mental and/or physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by HV GLOBAL as a person with such impairments.

93.     SENGER was at all times material to this action a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. § 12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job for HV GLOBAL with or without reasonable accommodation.

94.     SENGER engaged in statutorily protected activity within the meaning of the ADA and ADAAA in March 2017 by, *inter alia*, exercising or attempting to exercise her rights under the ADA, including but not limited to, when Plaintiff: (a) requested accommodations, specifically a transfer from HV GLOBAL's Sales Department and approximately two (2) weeks' time off from work to undergo a medical procedure and treatment in connection with Plaintiff's disability; and (b) objected and refused to choose between either resigning from Plaintiff's employment or re-applying at some unknown time in the future when Plaintiff's medical condition would somehow be "resolved."

95.     SENGER reasonably and in good faith believed that HV GLOBAL's denials of Plaintiff's transfer request and her request to take time off in March 2017 were unlawful employment practices in violation of the ADA and ADAA.

96.     Similarly, SENGER reasonably and in good faith believed that HV GLOBAL's attempts to force Plaintiff to choose between resigning her employment in March 2017 and reapplying at some unknown time in the future if and when her disability somehow got "resolved" were unlawful employment practices in violation of the ADA and ADAA.

97.     HV GLOBAL subjected SENGER to adverse employment action and retaliation because of Plaintiff's protected activity under the ADA and ADAA, including but not limited to, by Defendant terminating SENGER's employment on or around March 16, 2017 because Plaintiff objected to HV GLOBAL's illegal employment practices in violation of 42 U.S.C. §12203(a).

98.     HV GLOBAL's retaliatory action constitutes violations of the ADA and ADAAA, which prohibits employers from discriminating against an individual because she has opposed any act or practice made unlawful under the ADA/ADAAA, 42 U.S.C. §12203(a), and

also prohibits employers from coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of rights under the ADA/ADAAA on account of her having exercised or enjoyed or attempted to exercise or enjoy such rights, 42 U.S.C. §12203(b).

99.     HV GLOBAL's termination of SENGER's employment on March 16, 2017—on or around the same day SENGER objected to resigning to her employment at Scott Jacobson's insistence—was unlawful retaliation in violation of 42 U.S.C. §12203(a) because of Plaintiff's requests for accommodations for her disability and her good faith objections to HV GLOBAL's unlawful attempts to prevent her from continuing her employment despite her ability to perform her essential duties, in violation of 42 U.S.C. §12203(a).

100.    The fact that SENGER engaged in activity protected by the ADA and ADAA was a motivating factor in HV GLOBAL's termination of Plaintiff's employment in March 2017, in violation of 42 U.S.C. §12203(a).

101.    The reason proffered by HV GLOBAL in March 2017 for terminating SENGER's employment was false and known to be false by Defendant at the time of Plaintiff's termination and instead was a pretext for unlawful retaliation against SENGER because of her requests for accommodations for her disability and her opposition to Defendant's illegal employment practices, in violation of 42 U.S.C. §12203(a).

102.    As a direct and proximate result of HV GLOBAL's unlawful retaliation against SENGER, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial.

103.    HV GLOBAL's actions have caused, continue to cause, and will cause SENGER to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

104.    HV GLOBAL's actions were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, SENGER's federally protected rights under the ADA and ADAA, as a result of which Plaintiff is entitled to punitive damages from Defendant.

105.    Pursuant to 42 U.S.C. §12205, SENGER is entitled to recover all reasonable attorneys' fees and costs from HV GLOBAL as a result of Defendant's violations of the ADA's anti-retaliation provisions.

WHEREFORE, Plaintiff, NAOMI SENGER, demands judgment against Defendant, HV GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT VII
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, NAOMI SENGER, reasserts and reaffirms the allegations set forth in paragraphs 1 through 26 above and further states that this is an action against HV GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

106.    Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

107.    At all times material to this action, SENGER has been an aggrieved person within the meaning of F.S. §760.02(10).

108.    SENGER engaged in statutorily protected activity within the meaning of the Florida Civil Rights Act in March 2017 by, *inter alia*, exercising or attempting to exercise her rights under the ADA, including but not limited to, when Plaintiff: (a) requested accommodations, specifically a transfer from HV GLOBAL's Sales Department and approximately two (2) weeks' time off from work to undergo a medical procedure and treatment in connection with Plaintiff's disability; and (b) objected and refused to choose between the mandates of HV GLOBAL's management that SENGER either resign from her employment or re-applying at some unknown time in the future when Plaintiff's medical condition would somehow be "resolved."

109.    SENGER reasonably and in good faith believed that HV GLOBAL's denials of Plaintiff's transfer request and her request to take time off in March 2017 were unlawful employment practices in violation of the FCRA.

110.    Likewise, SENGER reasonably and in good faith believed that HV GLOBAL's attempts to force Plaintiff to choose between resigning her employment in March 2017 and reapplying at some unknown time in the future if and when her disability somehow got "resolved" were unlawful employment practices in violation of the FCRA.

111.    HV GLOBAL subjected SENGER to adverse employment action and retaliation because of Plaintiff's protected activity under the FCRA, including but not limited to, by Defendant terminating SENGER's employment on or around March 16, 2017 because Plaintiff objected to HV GLOBAL's illegal employment practices in violation of F.S. §760.10(7).

112.   HV GLOBAL's termination of SENGER's employment on March 16, 2017—on or around the same day SENGER objected to resigning to her employment at Scott Jacobson's insistence—was unlawful retaliation in violation of F.S. §760.10(7) because of Plaintiff's requests for a transfer and time off, and her good faith objections to HV GLOBAL's disparate treatment and discrimination, in violation of F.S. §760.10(7).

113.   The fact that SENGER engaged in activity protected by the FCRA was a motivating factor in HV GLOBAL's termination of Plaintiff's employment in March 2017, in violation of F.S. §760.10(7).

114.   The reason proffered by HV GLOBAL in March 2017 for terminating SENGER's employment was false and known to be false by Defendant at the time of Plaintiff's termination and instead was a pretext for unlawful retaliation against SENGER in violation of F.S. §760.10(7).

115.   HV GLOBAL's unlawful retaliation against SENGER was sufficiently severe and pervasive to alter the terms, conditions and privileges of SENGER's employment with HV GLOBAL, culminating with Defendant's termination of SENGER's employment on March 16, 2017, for reasons that were false and pretextual, all in violation of F.S. §760.10(7).

116.   HV GLOBAL's violations of §760.10 were intentional and were done with malice and reckless disregard for SENGER's rights as guaranteed under the laws of the State of Florida, such that SENGER is entitled to punitive damages against SENGER pursuant to F.S. §760.11(5).

117.   SENGER has suffered and continues to suffer loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of HV GLOBAL's violations of F.S. §760.10(7).

118.    Pursuant to F.S. §760.11(5), SENGER is entitled to recover all reasonable attorneys' fees and costs from HV GLOBAL as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, NAOMI SENGER, demands judgment against Defendant, HV GLOBAL MARKETING CORPORATION, a/k/a HYATT VACATION OWNERSHIP, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.


## JURY TRIAL DEMAND

NAOMI SENGER demands trial by jury on all issues so triable.


Dated:  July 12, 2018                              Respectfully submitted,


                                   By:    **s/KEITH M. STERN**
                                          Keith M. Stern, Esquire
                                          Florida Bar No. 321000
                                          E-mail:  employlaw@keithstern.com
                                          Hazel Solis Rojas, Esquire
                                          Florida Bar No. 91663
                                          E-mail:  hsolis@workingforyou.com
                                          LAW OFFICE OF KEITH M. STERN, P.A.
                                          One Flagler
                                          14 NE 1st Avenue, Suite 800
                                          Miami, Florida 33132
                                          Telephone:  (305) 901-1379
                                          Facsimile:  (561) 288-9031
                                          Attorneys for Plaintiff

# EXHIBIT A

# All

*Patient: Naomi L Senger, Female, DOB:* ▬▬▬▬ *(Patient ID: 94790)*

**Colorado Center for Reproductive Medicine - Lone Tree**
10290 RidgeGate Circle   Lone Tree, CO  80124
(303) 788-8300  Fax: (303) 788-8310

*March 15, 2017*
Page 1
Work Excuse-ESS

**Naomi L Senger**
Female  DOB: ▬▬▬▬          94790   Ins: Cigna ID: ▬▬▬▬

March 15, 2017

To Whom It May Concern:

Naomi L Senger is a current patient receiving care at the Colorado Center for Reproductive Medicine. Due to medical reasons, she will need to be excused from work for a medical procedure beginning **3/22/17** until 4/11/17. If you have any questions regarding this matter, please contact our office at 303-788-8300.

Sincerely,

Eric Surrey, M.D

# EXHIBIT B

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| X | FEPA | |
| X | EEOC | 511-2017-02442 |

Florida Commission on Human Relations _____ and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Naomi Senger | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1075 Duval Street, Apt #192 | Key West, Florida 33040 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| HV Global Marketing Corporation | 100+ | 727-803-9400 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 140 Fountain Parkway N., Suite 570 | St. Petersburg, Florida 33716 | Pinellas |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| | EARLIEST (ADEA/EPA)   LATEST (ALL) |

| RACE | COLOR | [X] SEX | RELIGION | AGE |
|---|---|---|---|---|
| [X] RETALIATION | NATIONAL ORIGIN | [X] DISABILITY | OTHER (Specify) | |

LATEST (ALL) 3/16/2017

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in January 2017 as a Sales Account Executive. As part of my hiring, Respondent relocated me from Orlando, Florida to Key West. Throughout my employment with Respondent between January 2017 and March 2017, I satisfactorily performed my assigned duties. In mid-March 2017, I notified Respondent that I was undergoing Invitro fertilization (IVF) and in following my doctor's medical advice, I was requesting a transfer from Respondent's Sales Department to the Marketing Department. On or around March 15, 2017, I interviewed for the position of Marketing Manager with Respondent but Lisa Waters, Respondent's Human Resource Manager, communicated to me that transfers within 90 days of hire were supposedly "prohibited" by the Company's policy.

On March 15, 2017, I provided Respondent with written notice from my doctor specifying the dates I needed be absent from work due to a medical procedure from March 22, 2017 to April 11, 2017. On March 16, 2017, Respondent advised me that I either had to resign from my employment or "re-apply when my medical condition was resolved" because the Company would not accommodate my condition. When I refused to resign, Lisa Walters and Scott Jacobson, Respondent's Director of Sales, terminated my employment for being what they called "a medical liability."

I believe Respondent subjected me to discrimination and disparate treatment based upon my sex/gender and disability and retaliated against me in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act (FCRA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

Date 7/19/17  Charging Party (Signature)

Received JUL 2 1 2017 Tampa Field Office

Received JUL 1 9 2017 EEOC Miami District Office

EEOC FORM 5 (Test 10/94)

# EXHIBIT C

EEOC Form 161 (11/16)               U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Naomi Senger<br>1075 Duval Street, Apt#192<br>Key West, FL 33040 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **511-2017-02442** | **Patricia A. King,**<br>**Investigator** | **(813) 202-7909** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Evangeline Hawthorne*                                    ⌐JUL 0 2 2018

Enclosures(s)
                                **Evangeline Hawthorne,**                  *(Date Mailed)*
                                **Director**

cc:    **HV Global Marking Corp.**                          **Keith M. Stern, Esq.**
       **c/o Joanne B. Lambert. Attorney**                  **LAW OFFICE OF KEITH M. STERN, P.A.**
       **Jackson Lewis P.C.**                               **One Flagler**
       **390 N. Orange Ave  Suite 570**                     **14 NE 1st Avenue, Suite 800**
       **St Petersburg, FL 33716**                          **Miami, FL 33132**